**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Sharon Magney and Dorothy Coleman, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Zenith Acquisition Corporation, a )<br>New York corporation, )<br>)<br>Defendant. ) | <br><br><br><br>No.  10 C 535<br><br><br><br><br>Jury Demanded |

**COMPLAINT**

Plaintiffs, Sharon Magney and Dorothy Coleman, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Sharon Magney ("Magney"), is a citizen of the State of Minnesota, from whom Defendant attempted to collect a delinquent consumer debt she owed for a Salute Visa Gold credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Dorothy Coleman ("Coleman"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt she owed for a Sears credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5. Defendant, Zenith Acquisition Corporation ("Zenith"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Zenith operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Zenith was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiffs.

6. Defendant Zenith is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant Zenith conducts business in Illinois.

7. Defendant Zenith is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Zenith acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

**Ms. Sharon Magney**

8. Ms. Magney is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt which she owed for a Salute Visa Gold credit card. At some point in time, after that

credit card became delinquent, it was bought by a bad debt buyer, North Star Capital Acquisition ("North Star"). When Defendant Zenith began trying to collect the debt on behalf of North Star from Ms. Magney, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Zenith's collection actions.

9. On April 16, 2009, one of Ms. Magney's attorneys at LASPD informed Defendant Zenith, in writing, that Ms. Magney was represented by counsel, and directed Zenith to cease contacting her and to cease all further collection activities, because Ms. Magney was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant Zenith sent another collection letter, dated December 11, 2009, demanding payment of the debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on January 4, 2010, Ms. Magney's LASPD attorney sent Defendant Zenith another letter, directing it to cease communications and to cease collection. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Dorothy Coleman**

12. Ms. Coleman is a senior citizen, with limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt which she owed for a Sears credit card. At some point in time, after that credit card became delinquent, it was bought by North Star. When Defendant Zenith began trying to collect the Sears debt on behalf of North Star from Ms. Coleman, she sought the assistance of

legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Zenith's collection actions.

13. On May 5, 2009, one of Ms. Coleman's attorneys at LASPD informed Defendant Zenith in writing that Ms. Coleman was represented by counsel, and directed Zenith to cease contacting her, and to cease all further collection activities because Ms. Coleman was forced, by her financial circumstances, to refuse to pay her unsecured debt.  A copy of this letter is attached as Exhibit F.

14. Nonetheless, when Ms. Coleman reported to her attorneys at LAPSD that she was still receiving phone calls from Defendant Zenith, her attorneys at LASPD sent Defendant Zenith a letter, dated July 13, 2009, demanding that Zenith cease communications and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit G.

15. Undeterred, Defendant Zenith continued to call Ms. Coleman directly during December, 2009.

16. Accordingly, on December 14, 2009, Ms. Coleman's LASPD attorney had to send Defendant Zenith a third letter, demanding that it cease communications and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit H.

17. In utter disregard of the three written notices that it had received, Defendant Zenith's debt collectors, Jennifer and then Brenda, called Ms. Coleman twice on January 5, 2009, demanding payment of the Sears debt.  The phone number these collectors called was Zenith's phone number -- 1-866-250-1166.

18. All of Defendant Zenith's collection actions, complained of herein, occurred within one year of the date of this Complaint.

19. Defendant Zenith's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

20. Plaintiffs adopt and reallege ¶¶ 1-20.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, the letters from Ms. Coleman's and Ms. Magney's agent, LASPD, told Defendant Zenith to cease communications and to cease collections (Exhibits C, D, E and F). By continuing to communicate regarding these debts and demanding payment, Defendant Zenith violated § 1692c(c) of the FDCPA.

23. Defendant Zenith's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

24. Plaintiffs adopt and reallege ¶¶ 1-20. Count II is brought solely on behalf of Plaintiff Coleman.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

26. Defendant Zenith knew that Ms. Coleman was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Zenith, in writing (Exhibits F, G and H), that Ms. Coleman was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Coleman.  By directly calling Ms. Coleman, despite being notified that she was represented by counsel, Defendant Zenith violated § 1692c(a)(2) of the FDCPA.

27. Defendant Zenith's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Sharon Magney and Dorothy Coleman, pray that this Court:

1. Find that Defendant Zenith's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Magney and Coleman, and against Defendant Zenith, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Sharon Magney and Dorothy Coleman, demand trial by jury.

Sharon Magney and Dorothy Coleman,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: January 26, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com